MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
Despite the fact that Mr. Lockridge knew of the vacancy at issue here, knew the procedures for applying to fill that vacancy, told his supervisor that he was not going to apply, and in fact did not apply, the court nevertheless holds that he has made out a prima facie case of racial discrimination because not all positions at PCCUA were filled in the same way. With all due respect, this holding means that universities, and most other employers as well, may only infrequently be entitled to summary judgment in employment discrimination cases. That is because vacancies in many positions at universities (and most other places) are necessarily filled in different ways, depending on the nature of a position and its responsibilities, internal circumstances, and the exigencies of the moment, and someone has to decide what procedure to employ in any particular circumstance.
In reaching its result, the court resorts to a theory that Mr. Lockridge not only did not argue but specifically eschewed in his brief, namely, that Mr. Lockridge had produced direct evidence of discrimination. Mr. Lockridge (quite rightly, I think) openly admitted in his brief that he had no direct evidence of discrimination, and relied instead on the usual McDonnell Douglas burden-shifting framework to carry the day, because, he said, “direct evidence of unlawful discrimination by employers is rare.”
The court’s sole legal authority for its holding, moreover, is a twenty-year-old case from another circuit that presented *1019 circumstances entirely distinguishable from the present ones. In that ease, the plaintiff did in fact apply for the position in issue and the evidence was that employment procedures for filling comparable positions “changed from day to day.” See Watson v. National Linen Service, 686 F.2d 877, 881 (11th Cir.1982) (per cu-riam). There is no such evidentiary showing here, and, even if there were, I could not subscribe to the theory that such evidence would constitute direct evidence of discrimination. In fact, the court in Watson did not even intimate that it did. In addition, the number of competing inferences that the circumstances to which the court points will support is large, and the inference that racial animus lies behind the alleged variation in hiring practices is the weakest of all of them. Indeed, I suggest that a fact-finder would have to engage in speculation to discern a racial animus at work in the selection process involved in this case.
In any event, any evidence of racial discrimination in this case is entirely circumstantial. Direct evidence is evidence of conduct or statements by persons involved in making the relevant decision directly manifesting a discriminatory attitude. In past eases, for instance, direct evidence has consisted of employers’ or supervisors’ statements that “women ... were the worst thing” that had ever happened to the company, that the employer needed young employees, that the plaintiff was a “nigger” and “black boy,” that the employee was “a woman in a man’s job,” and that the plaintiff needed a good Christian boyfriend to teach her to be submissive. See, respectively, Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1318 (8th Cir.1994); Kneibert v. Thomson Newspapers, Mich., Inc., 129 F.3d 444, 452 (8th Cir.1997); Ross v. Douglas County, Neb., 234 F.3d 391, 393 (8th Cir.2000); Simmons v. New Public Sch. Dist. No. Eight, 251 F.3d 1210, 1213 (8th Cir.2001); and Campos v. City of Blue Springs, 289 F.3d 546, 548-49 (8th Cir.2002). These statements are unmistakably probative of an improper animus at work. But there is nothing in this record that even remotely approaches these overtly insulting and revealing remarks.
Cases in which we have found that there was insufficient direct evidence of discrimination serve equally to make my point. We have held, for instance, that there was insufficient direct evidence of animus when an executive said that the person chosen for the relevant position was “the right age.” See E.W. Blanch Co. v. Enan, 124 F.3d 965, 970 (8th Cir.1997). In the present case there are no discriminatory remarks whatsoever attributed to any of the defendants or their agents, or, indeed, to anyone else, not even statements that our cases commonly call “stray remarks,” see, e.g., Clearwater v. Independent Sch. Dist. No. 166, 231 F.3d 1122, 1126 (8th Cir.2001).
I therefore respectfully dissent and would reverse the judgment of the district court.